IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 4:20-cv-1861 |
| CONRAD SHIPYARD, LLC and MIKE HOOKS, LLC | § § § § | |
| Defendants. | § | |

**P**LAINTIFF **N**ORTH **A**MERICAN **S**PECIALTY **I**NSURANCE **C**OMPANY'S  **O**RIGINAL **C**OMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff North American Specialty Insurance Company ("NAS") files this Original Complaint for Declaratory Relief against Defendants Conrad Shipyard, LLC ("Conrad") and Mike Hooks, LLC ("Mike Hooks") and alleges as follows:

**N**ATURE OF **A**CTION AND **R**ELIEF **S**OUGHT

1. NAS, as the insurer for Ironman Staffing, LLC ("Ironman"), brings this action for declaratory relief against Conrad and Mike Hooks seeking a declaration regarding its obligations of insurance coverage and the duty to defend and indemnify Conrad and/or Mike Hooks. NAS will show that it has no duty to defend and indemnify Conrad and/or Mike Hooks or provide Conrad and/or Mike Hooks with insurance coverage under the applicable contracts and insurance policy in connection with the lawsuit Cause No. 2019-58400; *Terrance Cole v. Mike Hooks, LLC*; In the 333rd Judicial District Court of Harris County, Texas (hereinafter the "Cole Litigation").

**PARTIES**

2. Plaintiff North American Specialty Insurance Company is incorporated in the State of New Hampshire with its principal place of business in Kansas City, Missouri.

3. Defendant Conrad Shipyard, LLC is Louisiana limited liability company domiciled at 1501 Front Street, Morgan City, Louisiana 70380. Conrad Shipyard, LLC may be served with process through its agent for service J. Parker Conrad, 1011 Duke, Street, Morgan City, Louisiana 70380.

4. Mike Hooks, LLC is limited liability company with its principal place of business in Baytown, Harris County, Texas. Mike Hooks, LLC may be served with process through its registered agent for service CT Corporation System, 1999 Bryan, Street, Suite 900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

5. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of the minimum jurisdictional limits of this Honorable Court.

6. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(a)-(c) because the Cole lawsuit giving rise to the claims is pending in Harris County, Texas, which is within this judicial district.

**FACTS**

7. Terrance Cole brought suit against Mike Hooks in the 333rd Judicial District Court of Harris County, Texas for personal/bodily injury damages arising from an incident that

occurred when Cole was working on a vessel owned, operated, maintained, or crewed by Mike Hooks (Cause No. 2019-58400; *Terrance Cole v. Mike Hooks, LLC*; In the 333rd Judicial District Court of Harris County, Texas) (hereinafter the "Cole Litigation").[1] Mike Hooks made a tender for defense and indemnity to Conrad for the Cole Litigation pursuant to a Master Services Agreement between the parties. Conrad accepted the tender and assumed the defense and indemnity of Mike Hooks. Mike Hooks and Conrad allege that Cole was an employee of Ironman at the time of the incident giving rise to the Cole Litigation. Therefore, Conrad made a tender to Ironman for defense and indemnity and coverage as an additional insured for Mike Hooks pursuant to a Master Service Agreement dated July 1, 2012 and a Staffing Agreement dated April 27, 2015. The Staffing Agreement between Conrad and Ironman supersedes the Master Services Agreement and is the applicable contract.

8. In regards to insurance, the Staffing Agreement sets forth the following:

> "…STAFFING FIRM shall procedure, from each of its insurers, a written endorsement of STAFFING FIRM's general liability policy and comprehensive automotive liability policy to provide a blanket and unrestricted waiver of the underwriter's or insurers' rights of subrogation against CLIENT and shall be endorsed to name "CLIENT" as additional insured with any employee exclusion deleted as to contractual indemnity and additional insured coverage….However, the insurance coverages and other provisions of this paragraph and specifically the additional insuring and waiver of subrogation provisions are limited to those situations in which, pursuant to Article 7 of this Agreement, STAFFING FIRM is obligated to defend, indemnify and hold harmless CLIENT.[2]

Staffing Firm is defined as Ironman, and Client is defined as Conrad Shipyard, LLC, including its subsidiaries, Conrad Orange Shipyard, Inc., and Conrad Aluminum, LLC. Accordingly, the Staffing Agreement provides that Ironman will only name Conrad as an additional insured on its general liability policy. Further, Ironman's obligation to name Conrad as an additional insured is

---

[1] *See* Exhibit A, Plaintiff's Original Petition.
[2] *See* Exhibit B, Article 7, Insurance.

limited to the situations in which Ironman is obligated to defend, indemnity and hold harmless Conrad.

9. NAS insured Ironman Staffing, LLC pursuant to Marine General Liability Insurance Policy Number DDM0000034-01 with effective dates of July 1, 2018 through July 1, 2019(the "Policy"). The Policy includes the Additional Insured – Blanket & Primary Insurance endorsement, form MGL000441116. The Additional Insured Schedule provides that additional insured include "Any organization or person as required by a written contract or agreement, but only to the extent such coverage is required."[3] The Policy states, "If coverage provided to an additional insured is required by contract, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured." The Policy further states:

> "Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organizations(s) shown in the Schedule, but only with respect to liability for 'bodily injury,' 'property damage' or 'personal and advertising injury' caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
> 1.   In the performance of your ongoing operations;
>
> or
>
> 2.   In connection with your premises owned by or rented to you.
>
> However:
>
> 1.   The insurance afforded to such additional insured only applies to the extent permitted by law; and
>
> 2.   If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured."[4]

---

[3] *See* Exhibit C, Marine General Liability Insurance Policy Number DDM0000034-01, Additional Insured – Blanket & Primary Insurance Form MGL00044 1116.
[4] *Id*.

10. Pursuant to the Staffing Agreement, Ironman is required to name only "CLIENT," which is Conrad, as an additional insured. Accordingly, Ironman was not required to name Mike Hooks as an additional insured. Moreover, there have been no allegations in the Cole Litigation that Cole's injuries were caused, in whole or in part, by Ironman's acts or omissions or the acts or omissions of those acting on Ironman's behalf. Therefore, Conrad is not an additional insured under the policy in regards to the Cole Litigation. Further, Conrad is not a party to the Cole Litigation. Accordingly, pursuant to the Staffing Agreement and Policy, NAS does not owe Conrad and/or Mike Hooks insurance coverage for claims against Mike Hooks in the Cole Litigation. Further, Ironman is only required to name Conrad as an additional insured to the extent Ironman owes Conrad and/or Mike Hooks defense and indemnity, and, as explained below, Ironman is not required to defend and indemnify Conrad and Mike Hooks for the Cole Litigation.

11. Article 7 of the Staffing Agreement also addresses defense and indemnity obligations, stating:

> "STAFFING FIRM agrees to indemnify, defend, and hold harmless CLIENT, its partners, officer, agents, employees, officers, parent companies, subsidiaries, affiliates, interrelated companies, customers, indemnitees, successors, assigns, contractors and subcontractors (hereinafter collectively referred to as "CLIENT GROUP") from and against any and all liability, claims, suits, liens, causes of action of every kind and character and any litigation expenses, including costs and attorneys fees, settlements, judgments, fines and penalties (including punitive damages) for bodily injury, personal injury, emotional or psychological injury, or death to any person(s) not employed by CLIENT or damage to any property not owned by CLIENT which may be brought against CLIENT GROUP and which are alleged to be incident to, arise in connection with, or result from the activities of, work performed by, services rendered by, or materials furnished by STAFFING FIRM, its employees, agents or subcontractors…"[5]

Client is defined as Conrad Shipyard, LLC, including its subsidiaries, Conrad Orange Shipyard, Inc., and Conrad Aluminum, LLC. Staffing Firm is defined as Ironman Staffing. Accordingly,

---
[5] *See* Exhibit B, Article 7, Indemnity.

the Staffing Agreement includes language that purports to require Ironman to defend and indemnify Conrad, its customers, and indemnitees, which includes Mike Hooks.

12. However, the Longshore and Harbor Workers' Compensation Act voids agreements for employers to be directly or indirectly liable for damages resulting from a lawsuit by an employee against a vessel. Specifically, Section 905(b) states:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.[6]

Section 905(b) explicitly forbids an employer from being directly or indirectly liable to a vessel for actions brought by an employee against a vessel for injury. The Courts construe this provision to preclude a non-vessel from seeking indemnity from the employer in order to indemnify the vessel, as the employer would thus be indirectly liable to the vessel.[7] In this instance, Conrad has demanded that Ironman indemnify Mike Hooks for a suit brought by an Ironman employee against Mike Hooks. This would result in Ironman being indirectly liable to Mike Hooks, which is contrary to both the purpose and language of Section 905(b). Accordingly, Section 905(b) voids the indemnity language in the Staffing Agreement as to Conrad's demand for Ironman to defend and indemnify Mike Hooks for the Cole litigation. Federal law is clear that Ironman cannot be indirectly liable to Mike Hooks for the Cole Litigation. Accordingly, as Ironman's insurer, NAS does not have a duty to defend and indemnify Mike Hooks for the Cole Litigation.

---

[6] 33 U.S.C. § 905(b).
[7] *Gaudet v. J. Ray McDermott & Co.*, 568 F. Supp. 795, 798-799 (E.D. La. 1983).

## CAUSES OF ACTION

**Count I – Declaratory Relief as to Duty to Insure**

13. NAS re-alleges and incorporates by reference herein each allegation contained in paragraphs 1–12 above.

14. NAS is informed and believes that Conrad and/or Mike Hooks dispute NAS's contention as stated above that it does not owe Conrad and/or Mike Hooks insurance coverage for the Cole Litigation pursuant to the Staffing Agreement and Policy. Therefore, an actual and justiciable controversy exists between NAS and Conrad and Mike Hooks concerning the matters alleged, including, in particular, NAS's duty to provide insurance for Mike Hooks for the Cole Litigation.

15. NAS therefore seeks a judicial declaration as to NAS's duties regarding insurance to Conrad and Mike Hooks under the Staffing Agreement and Policy, confirming that NAS's contentions, as stated above, are correct. A declaration is necessary at this time in order for the parties' dispute to be resolved and so that they may be aware of their respective rights and duties.

**Count II – Declaratory Relief as to Duty to Defend and Indemnify**

16. NAS re-alleges and incorporates by reference herein each allegation contained in paragraphs 1–15 above.

17. NAS is informed and believes that Conrad and/or Mike Hooks dispute NAS's contention as stated above that it does not owe Conrad and/or Mike Hooks a duty to defend and indemnify for the Cole Litigation pursuant to the Staffing Agreement and Policy. Therefore, an actual and justiciable controversy exists between NAS and Conrad and Mike Hooks concerning the matters alleged, including, in particular, NAS's duty to provide defense and indemnity for Mike Hooks for the Cole Litigation.

18. NAS therefore seeks a judicial declaration as to NAS's duties regarding defense and indemnity to Conrad and Mike Hooks under the Staffing Agreement and Policy, confirming that NAS's contentions, as stated above, are correct. A declaration is necessary at this time in order for the parties' dispute to be resolved and so that they may be aware of their respective rights and duties.

## PRAYER

WHEREFORE, North American Specialty Insurance Company prays for judgment as follows:

1. On Count I against Conrad and Mike Hooks, for a declaration in accord with its allegations.

2. On Count II against Conrad and Mike Hooks, for a declaration in accord with its allegations.

3. On all causes of action against Conrad and Mike Hooks, for:

    a. Conrad and Mike Hooks to appear and answer;

    b. NAS's costs of suit incurred herein;

    c. Interest; and

    d. Such other and further relief as may be deemed just and proper

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH**

*/s/ Thomas J. Smith*
Thomas J. Smith
  State Bar No. 00788934
  Federal I.D. No. 23773
  tsmith@gallowaylawfirm.com
Krystie N. Cals
  State Bar No. 24097449
  Federal I.D. No. 31122260
  kcals@gallowaylawfirm.com
Trenton Wallis
  State Bar No. 24113454
  Federal I.D. No. 3412033
  twallis@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile
**ATTORNEYS FOR PLAINTIFF**